UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CARLOS ANUNCIACAO, et al., )<br>)<br>Plaintiffs, )<br>v. )<br>)<br>CATERPILLAR INC., et al., )<br>)<br>Defendants. ) | CIVIL ACTION<br>NO. 07-10904-JGD |

## MEMORANDUM OF DECISION
## AND ORDER ON CATERPILLAR, INC.'S
## MOTION FOR PARTIAL SUMMARY JUDGMENT

October 13, 2011

DEIN, U.S.M.J.

### I. INTRODUCTION

This products liability action arises from a December 5, 2005 workplace accident in which the plaintiff, Carlos Anunciacao ("Anunciacao"), was run over by a Caterpillar model 320CU excavator and sustained severe and permanent injuries. Defendant Shin Caterpillar Mitsubishi, Ltd. ("SCM")[1] manufactured and sold the excavator, which carried an identification plate bearing the name, address and trademark logo of defendant Caterpillar Inc. ("Caterpillar"). Caterpillar participated in the design and developmental testing of the machine, but did not participate in its sale.

---

[1] Apparently, SCM is now known as Caterpillar Japan, Ltd. (Def. Mem. (Docket No. 172) at 2). The plaintiffs have referred to SCM as "Caterpillar Japan" throughout their pleadings, while Caterpillar has continued to use the company's prior name. This court has referred to the defendant as "SCM" in order to more easily distinguish it from its co-defendant Caterpillar.

The matter is presently before the court on "The Defendant Caterpillar Inc.'s Motion for Summary Judgment on Fewer Than All Claims" (Docket No. 171), by which Caterpillar is seeking summary judgment in its favor on Counts II, V, VIII and XI of the plaintiffs' Third Amended Complaint. Count II consists of a claim by Anunciacao against Caterpillar for breach of implied and express warranties. The remaining Counts at issue consist of claims against Caterpillar by Anunciacao's spouse and two minor children, through their mother and next friend, for loss of consortium arising from the alleged breach of implied and express warranties. Because the plaintiffs have previously stipulated to the dismissal of their claims for breach of express warranty included in Counts II, V, VIII and XI, Caterpillar's motion addresses only the claims for breach of implied warranty.

As grounds for its motion, Caterpillar contends that it cannot be held liable for breach of the implied warranty of merchantability under Massachusetts law because it is undisputed that Caterpillar did not sell or lease, and did not contract to sell or lease, the excavator involved in Anunciacao's accident. As described below, Caterpillar's argument is undermined by the recent decision of the Massachusetts Appeals Court in Lou v. Otis Elevator Co., 77 Mass. App. Ct. 571, 933 N.E.2d 140 (2010). Caterpillar concedes that Lou is directly on point, and that if Lou is controlling, its motion for summary judgment must be denied. At issue is whether the Appeals Court's decision in Lou is consistent with Massachusetts law as articulated by the Massachusetts Supreme Judicial Court ("SJC"), or whether, as Caterpillar contends, it was wrongly decided. For

all the reasons detailed herein, Caterpillar has failed to set forth any reasons why this court can disregard Lou — a case directly on point from the highest Massachusetts court which has addressed the very issue presented in this case. Accordingly, Caterpillar's motion for partial summary judgment as to the implied warranty claims (Docket No. 171) is DENIED.

## II. STATEMENT OF FACTS[2]

The following undisputed facts are relevant to Caterpillar's motion for partial summary judgment.

On December 5, 2005, plaintiff Anunciacao was working as a laborer for LAL Construction Co., Inc. ("LAL") when he was accidentally struck and crushed by a Caterpillar model 320CU excavator. (See Def. Ex. 2 at Ans. No. 1; Def. Ex. 3 at attachment A). The excavator involved in the accident was manufactured by defendant SCM. (Def. Ex. 7 at 76). SCM is a Japanese Corporation that is located in Japan and was formed as a joint venture between Mitsubishi Heavy Industries, Ltd. ("Mitsubishi") and defendant Caterpillar for the purpose of selling Caterpillar brand products. (DAF at p. 2; PF ¶¶ 1-2). Caterpillar is an American Corporation that is headquartered in Peoria, Illinois. (DAF at p. 2). At the time the excavator was built and first sold, Caterpillar,

---

[2] The facts are derived from (1) Caterpillar's Statement of Undisputed Material Fact set forth in its motion for partial summary judgment (Docket No. 171) ("DF"); (2) the additional facts set forth on pages 2 and 3 of Caterpillar's memorandum in support of its motion for partial summary judgment ("DAF") (Docket No. 172) and the exhibits attached thereto ("Def Ex. __"); and (3) the "Plaintiffs' Concise Statement of Further Material Facts of Record in Dispute" (Docket No. 174) ("PF") and the exhibits attached thereto ("Pl. Ex. __").

through a subsidiary, owned 50% of SCM's common stock, and Mitsubishi owned the remaining 50% (DAF at p. 2; PF ¶ 1).

It is undisputed for purposes of the present motion that Caterpillar was involved in the design and developmental testing of the model 320CU excavator. (<u>See</u> Def. Mem. (Docket No. 172) at 4 n.4; PF ¶¶ 6-8). Specifically, in connection with the manufacture of the machine, SCM used design standards that it had developed with reference to, and which incorporated in part, Caterpillar's design, technical and design safety guidelines. (PF ¶ 6; Pl. Ex. A at 81-84). In addition, Caterpillar personnel traveled to Japan to participate in safety audits aimed at assessing the safety of the machine's design. (PF ¶ 8). Based on those audits, Caterpillar made recommendations to SCM on how to improve the design of the 320CU excavator. (<u>Id.</u>). Moreover, during the development of the 320CU excavator, Caterpillar conducted tests on pilot models at its U.S. facilities. (<u>Id.</u>).

Caterpillar's involvement with the machine extended beyond design and testing. For instance, Caterpillar was the entity that prepared the owner's manual for the 320CU excavator, and it took the lead in determining what warnings to attach to the equipment. (Pl. Ex. A at 228-30; PF ¶ 9). Furthermore, Caterpillar and SCM were parties to a licensing agreement pursuant to which Caterpillar granted SCM a license to conduct its business under the name "Caterpillar" and to use the name "Caterpillar" rather than "SCM" on all products manufactured and sold by SCM. (PF ¶ 5; Pl. Ex. A at 75-76). Thus, although SCM was the entity that manufactured the excavator involved in

Anunciacao's accident, the machine contained an identification plate bearing Caterpillar's name, address and trademark logo. (PF ¶ 4). Nothing on the machine identified SCM or indicated that SCM was the manufacturer. (See PF ¶ 5; Pl. Ex. A at 74-75).

In June 2001, SCM sold the model 320CU excavator at issue in this case to a Japanese dealer known as East Kanto Caterpillar Mitsubishi Construction Equipment Sales, Ltd. ("East Kanto"). (PF ¶ 3; DAF at p. 3). East Kanto subsequently sold the machine to a Japanese end user, which later sold it to Hillview Equipment & Leasing Company ("Hillview") in 2004. (DAF at p. 3; Def. Ex. 8 at Resp. No. 4). Hillview then imported the excavator into the United States and sold it at auction through Alex Lyon & Son Sales Managers & Auctioneers, Inc. to LAL, Anunciacao's employer at the time of the accident. (DAF at p. 3). It is undisputed that Caterpillar did not sell, contract to sell, lease or contract to lease the excavator that caused the plaintiff's injuries. (DF).

### III. ANALYSIS

#### A. Summary Judgment Standard of Review

Summary judgment is appropriate when the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute is one which "'may reasonably be resolved in favor of either party.'" Vineberg v. Bissonnette, 548 F.3d 50, 56 (1st Cir. 2008) (quoting Garside v. Osco Drug, Inc., 895 F.2d 46, 48 (1st Cir. 1990)). A material fact is one which could "sway the outcome of the litigation under the applicable law." Id. (quotations and citations omitted).

The moving party bears the initial burden of establishing that there is no genuine issue of material fact. See Borges ex rel. S.M.B.W. v. Serrano-Isern, 605 F.3d 1, 5 (1st Cir. 2010). If that burden is met, the opposing party can only avoid summary judgment by providing properly supported evidence of disputed material facts sufficient to require trial. Celotex Corp. v. Catrett, 477 U.S. 317, 324, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986). "[T]he nonmoving party 'may not rest upon mere allegation or denials of his pleading,'" but must set forth specific facts showing a genuine issue for trial. LeBlanc v. Great Am. Ins. Co., 6 F.3d 836, 841 (1st Cir. 1993), cert. denied, 511 U.S. 1018, 114 S. Ct. 1398, 128 L. Ed. 2d 72 (1994) (internal quotations omitted). The court must view the record in the light most favorable to the non-moving party and must indulge all reasonable inferences in that party's favor. Vineberg, 548 F.3d at 56. "If, after viewing the record in the non-moving party's favor, the Court determines that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law, summary judgment is appropriate." Walsh v. Town of Lakeville, 431 F. Supp. 2d 134, 143 (D. Mass. 2006).

### B. Application of Lou to the Present Action

In support of its motion for summary judgment, Caterpillar argues that "[u]nder Massachusetts law[,] a party who has not sold, leased, or contracted to sell or lease the allegedly defective product cannot be held liable for breach of implied warranty." (Def. Mem. at 3). Caterpillar further contends that because it did not engage in any sale, lease, or contract to sell or lease the 320CU excavator which caused Anunciacao's injuries, it is

entitled to judgment as a matter of law on Counts II, V, VIII and XI of the Third Amended Complaint. (Id.).

It is undisputed that Caterpillar's argument is inconsistent with the recent Massachusetts Appeals Court's decision in Lou v. Otis Elevator Co., 77 Mass. App. Ct. 571, 933 N.E.2d 140 (2010). (See Def. Mem. at 7 (acknowledging that if Lou applies, the motion for summary judgment must be denied)). In that case, the Appeals Court held, based on facts that are strikingly similar to the facts of this case, that "a nonseller trademark licensor who participates substantially in the design, manufacture, or distribution of the licensee's products may be held liable under Massachusetts law as an apparent manufacturer" of a defective product. Lou, 77 Mass. App. Ct. at 581, 933 N.E.2d at 148. Because Caterpillar has failed to establish why this court should disregard Lou, and because this court is persuaded that Lou is consistent with prior Massachusetts products liability law, Caterpillar's motion must be denied.

## The Appeals Court's Decision in Lou

In Lou, the plaintiff was injured when his hand became caught between the skirt panel and step tread of an escalator located in a department store in China. Id. at 573, 933 N.E.2d at 142-43. The escalator had been manufactured and sold by a Chinese company that had been formed as a joint venture among defendant Otis Elevator Company ("Otis"), an American company, and two Chinese entities for the purpose of manufacturing elevators and escalators in China "pursuant to Otis design standards and bearing the Otis trademark." Id. at 573, 933 N.E.2d at 143. Following the formation of

the joint venture, Otis and the Chinese manufacturer entered into a trademark agreement pursuant to which Otis granted the manufacturer a license to use its trademark in China. Id. They also entered into a technical cooperation agreement under which Otis agreed to supply the Chinese manufacturer with various technical "know-how," including but not limited to design information, and to provide it with a broad range of technical and managerial support. Id. The escalator that caused the plaintiff's injuries was manufactured pursuant to both of those agreements, and contained identification plates bearing Otis' trademark but not the name or trademark of the Chinese manufacturer. Id. at 574, 933 N.E.2d at 143.

The precise question before the Lou Court was whether the trial judge's instructions to the jury in accordance with the Restatement (Third) of Torts: Products Liability ("Third Restatement") § 14 comment d accurately reflected the law of Massachusetts.[3] Id. at 572, 933 N.E. 2d at 142. Comment d to § 14[4] provides that "'[t]rademark licensors are liable for harm caused by defective products distributed under the licensor's trademark or logo when they participate substantially in the design, manufacture, or distribution of the licensee's products. In these circumstances they are treated as sellers

---

[3] There was a second question before the Appeals Court as to whether the trial judge erred in awarding prejudgment interest. Because that issue is not relevant to the present dispute, this court has not addressed it.

[4] Section 14 of the Third Restatement provides that "'[o]ne engaged in the business of selling or otherwise distributing products who sells or distributes as its own a product manufactured by another is subject to the same liability as though the seller or distributor were the product's manufacturer.'" Lou, 77 Mass. App. Ct. at 572 n.4, 933 N.E.2d at 142 n.4 (quoting Third Restatement § 14).

of the products bearing their trademarks.'" Id. at 572 n.4, 933 N.E.2d at 142 n.4 (quoting Third Restatement, cmt. d). The Appeals Court concluded, in a case of first impression, that comment d was consistent with Massachusetts law, and that the trial judge's instructions to the jury were correct. Id. at 572, 933 N.E.2d at 142.

The Appeals Court engaged in a detailed and well-reasoned analysis in support of its decision that a nonseller trademark licensor who participates substantially in the design, manufacture or distribution of the licensee's product may be held liable as an apparent manufacturer of a defective product. See id. at 578-83, 933 N.E. 2d at 146-50. Such a holding, the Appeals Court concluded, was consistent with prior Massachusetts case law and with Massachusetts statutory law. Caterpillar has not persuaded this court otherwise.

The Court emphasized that Massachusetts has long-recognized "the 'apparent manufacturer doctrine,' as originally set forth under the Second Restatement § 400[,]" and concluded that "Section 14 of the Third Restatement is a direct lineal descendant of the rule expressed in Second Restatement § 400." Id. at 578, 933 N.E.2d at 146. Section 400 of the Second Restatement provides that "'[o]ne who puts out as his own product a chattel manufactured by another is subject to the same liability as though he were its

manufacturer.'"[5] Id. at 578 n.14, 933 N.E.2d at 146 n.14 (quoting Second Restatement § 400). Moreover, comment d to Section 400 explains as follows:

> one puts out a chattel as his own product when he puts it out under his name or affixes to it his trade name or trademark. When such identification is referred to on the label as an indication of the quality or wholesomeness of the chattel, there is an added emphasis that the user can rely upon the reputation of the person so identified.

Id. at 579, 933 N.E.2d at 147 (quoting Second Restatement § 400, cmt. d). The Lou Court rejected Otis' contention (similar to Caterpillar's) that comment d to § 14 of the Third Restatement constitutes an improper extension of the apparent manufacturer doctrine recognized by § 400 of the Second Restatement. Id. at 580, 933 N.E.2d at 148. Rather, it determined that, contrary to Otis' argument, the more recent version of comment d appears to be a limitation on § 400 of the prior Restatement, not an extension, because it "preclud[es] application of the doctrine to those cases in which the [trademark] licensor had limited or no involvement in the design or manufacture of the product, while leaving intact its application to cases in which the licensor had substantial participation in the design or manufacture." Id. at 580, 933 N.E.2d at 148. Thus, the Appeals Court concluded, applying the apparent manufacturer doctrine to a nonseller trademark licensor

---

[5] As the Appeals Court indicated in Lou, Massachusetts courts have long recognized the apparent manufacture rule as set forth in the Second Restatement § 400. See, e.g., Thornhill v. Carpenter-Morton Co., 220 Mass. 593, 596-97, 108 N.E. 474, 491 (1915) (defendant paint dealer could not avoid liability for defective paint where manufacturer had prepared product pursuant to defendant's orders and defendant represented to the purchasing public, by labeling paints as its own, that it was the manufacturer); Fahey v. Rockwell Graphic Sys., Inc., 20 Mass. App. Ct. 642, 650-51, 482 N.E.2d 519, 525 (1985) (relying on Second Restatement § 400 to conclude that defendant could be held liable as apparent manufacturer), overruled on other grounds by Allen v. Chance Mfg. Co., Inc., 398 Mass. 32, 35 n.2, 494 N.E.2d 1324, 1327 n.2 (1986).

with substantial participation in the design or manufacture was consistent with Massachusetts' long time recognition of the doctrine.

Although the Appeals Court discussed the Restatement at length, it was careful to acknowledge that it was not bound by the Restatement in interpreting and applying Massachusetts law. See id. at 581, 933 N.E.2d at 148. Accordingly, the Court conducted its own analysis of the available case law, including case law from Massachusetts and from other jurisdictions. See id. While the Court noted that "no reported Massachusetts case has previously applied the [apparent manufacturer] doctrine to a person or entity outside the distribution chain (i.e., a nonseller)[,]" it was "persuaded by the reasoning in the cases from other jurisdictions which have done so." Id. In reaching that decision, the Appeals Court considered, but rejected, Otis' arguments as to why a trademark licensor in its position should not be liable as an apparent manufacturer under Massachusetts law, including, inter alia, Otis' assertion (similar to Caterpillar's) that imposing product liability on nonsellers is inconsistent with the limitations on liability set forth in the Massachusetts Uniform Commercial Code ("UCC"). Id. at 582, 933 N.E.2d at 149. Rather, as the Appeals Court found, holding the trademark licensor liable was consistent with the Massachusetts UCC since "Massachusetts has long rejected contractual privity as an essential element for recovery in a case seeking recovery for damages suffered by reason of a defective product." Id. (citing Back v. Wickes Corp., 375 Mass. 633, 639-40, 378 N.E.2d 964 (1978)). Moreover, as the Court further found, Section 2-318 of the

Massachusetts UCC, Mass. Gen. Laws ch. 106 § 2-318,[6] imposes liability upon manufacturers as well as sellers, and there is no reason that the term "manufacturer," as used in § 2-318, should not include entities recognized as apparent manufacturers under the Restatement, simply because "they have not also participated directly as sellers in the chain of distribution." Id. Thus, the Court concluded that "there was no error in the instruction by the trial judge . . . that a nonseller trademark licensor who participates substantially in the design, manufacture, or distribution of the licensee's products may be held liable under Massachusetts law as an apparent manufacturer." Id. at 581, 933 N.E.2d at 148.

### Caterpillar's Challenge to Lou

Caterpillar argues that Lou was wrongly decided and is inapplicable to this case because it is inconsistent with Massachusetts warranty law as articulated by the SJC. In support of its argument, Caterpillar relies primarily on the SJC's decision in Mason v. Gen. Motors Corp., 397 Mass. 183, 490 N.E.2d 437 (1986). However, Mason concerns an entirely different set of facts and circumstances than those considered by the Appeals Court in Lou, and has nothing to do with trademark licensors or the scope of liability

---

[6] Mass. Gen. Laws ch. 106, § 2-318 provides in relevant part as follows: "Lack of privity between the plaintiff and defendant shall be no defense in any action brought against the manufacturer, seller, lessor or supplier of goods to recover damages for breach of warranty, express or implied, or for negligence, although the plaintiff did not purchase the goods from the defendant if the plaintiff was a person whom the manufacturer, seller, lessor or supplier might reasonably have expected to use, consume or be affected by the goods."

under the apparent manufacturer doctrine. Moreover, nothing in Mason suggests that Lou was wrongly decided.

In Mason, the plaintiff administratrix of the estate of her deceased husband and son brought claims against an automobile manufacturer and dealership for negligence and breach of warranty arising out of an accident that took place when the dealership allowed the decedents to test drive one of its vehicles. Mason, 397 Mass. at 184-85, 490 N.E.2d at 438-39. The dealership moved for summary judgment on the breach of warranty claims "on the ground that there was 'no allegation that the vehicle in question was sold or leased by the defendant to any of the plaintiffs or their decedents[,]'" and the trial court granted the motion. Id. at 184, 490 N.E.2d at 439. On appeal, the SJC affirmed the award of summary judgment, holding that no warranty of merchantability was implied in favor of the decedents because the dealership did not sell, contract to sell, or lease the automobile to the decedents. Id. at 186, 490 N.E.2d at 440.

The issue in Mason was whether, under Massachusetts law, a warranty of merchantability could be implied in connection with a bailment as opposed to a sale or lease. See id. at 189, 490 N.E.2d at 441. In contrast, the issue in Lou was whether, under Massachusetts law, a trademark licensor could be held liable for harm caused by a defective product that was manufactured and sold under the licensor's trademark when the licensor participated substantially in the design, manufacture, or distribution of the product. See Lou, 77 Mass. App. Ct. at 572, 933 N.E.2d at 142. There was no dispute in Lou that a sale had taken place. The question was whether a trademark licensor who did

not participate in the sale could be treated as standing in the shoes of the entity that manufactured and sold an allegedly defective product for purposes of liability. See id. at 572 n.4, 933 N.E.2d at 142 n.4 (explaining that trademark licensors who "'participate substantially in the design, manufacture, or distribution of the licensee's products . . . are treated as sellers of the products bearing their trademarks.'" (quoting Third Restatement § 14, cmt. d)). Mason simply does not concern that issue.

Caterpillar nevertheless argues that the Lou Court ignored the SJC's directive in Mason that changes to the scope of warranty liability should be left to the Massachusetts Legislature, and improperly relied on the Second and Third Restatement of Torts to extend liability for breach of the implied warranty to nonsellers. (See Def. Mem. at 5-7). In Mason, the SJC explained that it would not extend warranty liability beyond that which has been set forth by the Legislature in the Massachusetts UCC. See Mason, 397 Mass. at 190-91, 490 N.E.2d at 442. However, in Lou, the Appeals Court specifically considered the limitations on liability set forth in Article 2 of the Massachusetts UCC, and explained why its decision was consistent with language in the statute extending liability to manufacturers as well as sellers. See Lou, 77 Mass. App. Ct. at 582, 933 N.E.2d at 149. Furthermore, the Appeals Court was careful not to rely solely on the Restatements as authority for its decision to apply the apparent manufacturer doctrine to trademark licensors who participate substantially in the design, manufacture, or distribution of a defective product, but, rather, reviewed case law as well. See id. at 580-81, 933 N.E. 2d at 148. Accordingly, Caterpillar has not shown that the Lou court's

decision was inconsistent with either the SJC's directives in <u>Mason</u> or with the relevant case law. Because <u>Lou</u> supports the plaintiffs' breach of implied warranty claims in this case, Caterpillar is not entitled to judgment as a matter of law with respect to those claims.

## IV. **CONCLUSION**

For all the reasons detailed herein, this court finds that the <u>Lou</u> decision is controlling in the instant case. Accordingly, "The Defendant Caterpillar Inc.'s Motion for Summary Judgment on Fewer Than All Claims" (Docket No. 171) is DENIED as to the claims for breach of implied warranty.

    / s / Judith Gail Dein
Judith Gail Dein
U.S. Magistrate Judge