UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CARLOS ANUNCIACAO, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| v. ) | CIVIL ACTION |
| ) | No. 07-10904-JGD |
| CATERPILLAR INC., et al., ) | |
| ) | |
| Defendants and ) | |
| Third-Party Plaintiffs, ) | |
| ) | |
| ALEX LYON & SON SALES ) | |
| MANAGERS & AUCTIONEERS, INC., ) | |
| et al., ) | |
| ) | |
| Third-Party Defendants. ) | |

**MEMORANDUM OF DECISION AND ORDER ON DEFENDANTS'
MOTION IN LIMINE TO EXCLUDE PORTIONS OF OSHA REPORTS**

November 22, 2011

DEIN, U.S.M.J.

This matter is before the court on the Caterpillar defendants' Motion in Limine to Exclude Portions of the OSHA Reports Related to the Accident (Docket No. 193). For the reasons detailed herein, the motion is ALLOWED IN PART and DENIED IN PART as follows:

1. The two (2) statements in the report at the Opening Conference Notes and ¶ 20 to the effect that "They situated themselves immediately behind the machine directly in the path of the track and in operator's blind spot at about 4' from the track" (typo-

graphical errors corrected) are admissible and will not be stricken. Pursuant to Fed. R. Evid. 803(C), government reports setting forth "factual findings resulting from an investigation made pursuant to authority granted by law" are admissible, "unless the sources of information or other circumstances indicate lack of trustworthiness." Thus, "portions of investigatory reports otherwise admissible under Rule 803(8)(C) are not inadmissible merely because they state a conclusion or opinion. As long as the conclusion is based on a factual investigation and satisfies the Rule's trustworthiness requirement, it should be admissible along with other portions of that report." Beech Aircraft Corp. v. Rainey, 488 U.S. 153, 170, 109 S. Ct. 439, 450 (1988). Here, the statements appear to be factual findings made by the OSHA officer after he observed the scene and interviewed a number of witnesses shortly after the accident. They do not appear to be hearsay statements made by one witness. Rather, the statements regarding the location of the plaintiff at the time of the accident are "essentially an evaluative opinion resulting from evidence" and are admissible. See Baker v. Elcona Homes Corp., 588 F.2d 551, 557-58 (6th Cir. 1978). Moreover, this court concludes that the report satisfies the Rule's trustworthiness requirement. The interviews took place promptly after the accident, the investigation was conducted by a government agent with responsibility for evaluating workplace accidents, and this court has no reason to question the officer's motivation. See id. (identifying some of the factors which may be considered in assessing trustworthiness). Moreover, this court notes that the OSHA officer's factual findings are consistent with some, but not all, of the deposition testimony

of witnesses who were present at the time of the accident. Where, as here, the officer gathered information from several sources, did "not neglect one source or prefer one source over the other," and there is no evidence that the officer "made his report with any improper motive or that he was biased in favor of one party or prejudiced against a party," the factual findings are admissible. See Schwartz v. United States, 149 F.R.D. 7, 10 (D. Mass. 1993).

2. The machine operator's statement that "he would not have expected [the plaintiff] to be in his blind spot and should have known better" will be redacted by agreement.

3. The officer's sketch of the accident scene is redacted by agreement.

4. The statement that the plaintiff "had his shattered leg amputated at the knee" will not be stricken. It is undisputed that the plaintiff's leg was run over by a heavy piece of construction equipment and that it was amputated below the knee. The statement that the leg was "shattered" was clearly not intended to be a medical diagnosis and no one would read the report that way. There is no reason to redact this statement.

SO ORDERED.

                                  / s / Judith Gail Dein
                                  Judith Gail Dein
                                  United States Magistrate Judge