UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CARLOS ANUNCIACAO, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| v. ) | CIVIL ACTION |
| ) | No. 07-10904-JGD |
| CATERPILLAR INC., et al., ) | |
| ) | |
| Defendants and ) | |
| Third-Party Plaintiffs, ) | |
| ) | |
| ALEX LYON & SON SALES ) | |
| MANAGERS & AUCTIONEERS, INC., ) | |
| et al., ) | |
| ) | |
| Third-Party Defendants. ) | |

**MEMORANDUM OF DECISION AND ORDER ON
PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE
EMPLOYEE'S CONFERENCE MEMORANDUM**

November 22, 2011

DEIN, U.S.M.J.

This matter is before the court on the "Plaintiffs' Motion in Limine to Exclude the Employee's Conference Memorandum Filed on Behalf of Carlos Anunciacao with the Commonwealth of Massachusetts Department of Industrial Accidents" (Docket No. 219). For the reasons detailed herein, the motion is ALLOWED IN PART and DENIED IN PART. The motion is allowed as to the Employee's Conference Memorandum but denied without prejudice as to the request to exclude responses to requests for admissions – those will be addressed on a case-by-case basis at trial.

**Discussion**

The defendants are seeking to introduce into evidence an "Employee's Conference Memorandum" prepared by plaintiff's counsel for submission to the Massachusetts Department of Industrial Accidents in connection with the plaintiff's claim for worker's compensation benefits. The defendants, relying on Fed. R. Evid. 801(d)(2), argue that the memorandum constitutes an admission by a party-opponent, and is not hearsay. While it is unlikely that the plaintiff, a Portuguese speaker, participated in or reviewed the document prior to filing, this court recognizes that the pleading prepared by the plaintiff's counsel can constitute an admission. See Fed. R. Evid. 801(d)(2)(C). Nevertheless, "unlike, say, factual allegations in trial court pleadings, statements contained in briefs submitted by a party's attorney in one case cannot routinely be used in another case as evidentiary admissions of the party." Martel v. Stafford, 992 F.2d 1244, 1248 (1st Cir. 1993), and cases cited. Rather, "such statements may achieve binding force" but only "in highly unusual circumstances[.]" Id. No such circumstances exist here.

The Employee's Conference Memorandum not only contains irrelevant information, but also its "probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." Therefore, it is inadmissible under Fed. R. Evid. 402 and 403. To the extent the Memorandum contains facts, be they concerning the plaintiff, the events relating to the accident or the condition of the equipment, that evidence will be introduced through other means at trial. The conclusory

arguments of counsel relating to how these facts may (or may not) evidence negligence on the part of plaintiff's employer do not add to this trial.  The jury is the entity responsible for drawing conclusions about negligence.  Furthermore, there is little doubt that the defendants in this case will argue the employer's (alleged) negligence to the jury.

Moreover, introduction of the Memorandum runs the great risk of diverting the jury's attention to the issue of worker's compensation benefits.  As the parties have agreed, such benefits are generally inadmissible at trial.  See England v. Reinauer Transp. Cos., L.P. , 194 F.3d 265, 273-74 (1st Cir. 1999) (discussing collateral source rule).  It is prejudicial and confusing to have to sanitize the document to redact information about where, when and why the Memorandum was filed.

Finally, there is nothing inconsistent with the employer having acted improperly in light of the condition of the equipment, and the plaintiff's theory here that the equipment was negligently and improperly designed.  For example, as the plaintiff argued during the pre-trial conference, it is one of his theories that the machine should have been designed differently because the defendant knew that the machine might not have a back-up alarm.  Plaintiff's counsel argued in the Memorandum that the employer was negligent in failing to install an operational back-up alarm.  The two theories are not inconsistent.

In sum, and for the additional reasons argued in plaintiff's motion, the Employee's Conference Memorandum in excluded.  The admissibility of responses to requests for admissions shall be addressed on a case-by-case basis at trial.

SO ORDERED.

                / s / Judith Gail Dein
Judith Gail Dein
United States Magistrate Judge